# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

UNITED STATES OF AMERICA

v.

STEPHEN KELLY, et al.,

Defendants.

CR 2:18-022

## ORDER

Before the Court are three motions: (1) Defendant Elizabeth McAlister's Objection, dkt. no. 399,[1] to the Magistrate Judge's order, dkt. no. 388, denying Defendant Elizabeth McAlister's Expedited Motion to Allow Defendants to Meet, dkt. no. 384; (2) Defendant Martha Hennessy's Objection, dkt. no. 401, to the Magistrate Judge's order, dkt. no. 389, denying Defendant Martha Hennessy's Motion to Meet and Confer with Co-Defendants in Brunswick, GA, dkt. no. 385; and (3) Defendant Patrick O'Neill's Motion to Allow Expedited Meeting for Defendants to Meet Together, dkt. no. 397. The Objections are brought pursuant to Federal Rule of Criminal Procedure 59(a).

---

[1] This Objection is also purportedly on behalf of Defendants Stephen Michael Kelly, Mark Peter Colville, Clare Therese Grady, Patrick M. O'Neill, and Carmen Trotta, but the Motion is neither signed by counsel for the Defendants represented by counsel (other than Elizabeth McAlister) nor by the pro se Defendants. Thus, the Court treat's this as only Elizabeth McAlister's Objection.

Defendants state that four of the Defendants are out on bond, while the remaining three are incarcerated. The seven Defendants seek space to meet as a group to prepare for trial. The Magistrate Judge has previously permitted Defendants to meet with each other for specified periods of time, and even provided space and security for these meetings. See Dkt. No. 209. Nevertheless, the Magistrate Judge has denied Defendants' requests that are presently before the Court.

Under Rule 59, when reviewing objections to orders of magistrate judges, "[t]he district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous." Fed. R. Crim. P. 59(a). Defendants have not met their burden of showing that the Magistrate Judge's orders were either contrary to law or clearly erroneous.

Defendants first argue that "[f]undamental fairness requires that all defendants . . . who are pursuing similar defenses, should be allowed to meet and confer in a confidential setting along with counsel and defendants who have counsel." Dkt. No. 399. The Magistrate Judge has, of course, rejected this argument. It is Defendants burden to show that the Magistrate Judge's ruling was contrary to law, and Defendants have not met this burden. Defendants must do this by citing to authority showing that the ruling was contrary to law, but they have not.

Defendants next argue that the Sixth and Fourteenth Amendments to the United States Constitution guarantee the right to self-representation in a federal criminal trial. Included in this guarantee, they argue, is a right to conduct one's own defense. Defendants have not shown, however, that included in one's rights to self-representation and to conduct one's own defense is a right to meet, whether in a confidential setting or otherwise, with one's co-defendants. While the Court recognizes that the *pro se* Defendants "must be allowed to control the organization and content of [their] own defense," McKaskle v. Wiggins, 465 U.S. 168, 174 (1984), the Court finds that Defendants have not shown that such a right includes the right to meet in person with one's co-defendants. The Court notes that such a finding does not impact Defendants' rights to have "a fair chance to present his case in his own way." Id. at 177.

For these reasons, Defendants' Objections, dkt. nos. 399, 401, are **OVERRULED**. For these same reasons, Defendant Patrick O'Neill's Motion to Allow Expedited Meet for Defendants to Meet Together, which is substantively the same as Defendants' Objections, dkt. no. 397, is **DENIED**.

**SO ORDERED**, this 22nd day of April, 2019.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA