UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                              Case No. 2:18cr22

vs.

ELIZABETH MCALISTER

        Defendant.

### SENTENCING MEMORANDUM OF ELIZABETH MCALISTER

COMES NOW the Defendant, Elizabeth McAlister, by and through her undersigned counsel and respectfully moves the Court to consider the following when sentencing Ms. McAlister.

### I.    TERM OF IMPRISONMENT SHOULD BE TIME SERVED

Ms. McAlister has served 17 months and 8 days in jail already.

In terms of calculating her sentence, Elizabeth McAlister asks the court to review the following seven points.

One.   GOVERNMENT DOES NOT OPPOSE TIME SERVED. The Government, twice in its Sentencing Memo, asked that Ms. McAlister's sentence of imprisonment be "time served."[1]

---

[1] Document 824, filed 05/12/20 asked that Ms. McAlister's sentence of imprisonment be "time served."   See GOVERNMENT'S SENTENCING MEMORANDUM, Document 824, filed 05/12/20, footnote 6, page 9: "Because McAlister has already served a period of at least 17 months in pre-trial detention, the Government asks that her prison sentence be "time served."" And footnote 10, page 19: "McAlister has already served at least 17 months in

1

Two.   RELIGIOUS FREEDOM RESTORATION ACT.   This Court has already ruled that all defendants, including Elizabeth McAlister, made out a prima facie case under the Religious Freedom Restoration Act[2] that they acted in accordance with sincerely held religious beliefs that nuclear weapons are immoral.[3]   This Court ruled that the Government could go forward with the prosecution despite defendants' sincerely held religious beliefs because the Government had shown that prosecution furthered a compelling interest and was the least restrictive means of furthering that interest.

Defendant now asks that this Court take into account in the sentencing that she acted in accordance with sincerely held religious beliefs and impose a sentence on her that is, according to the Religious Freedom Restoration Act, the least restrictive means of furthering the government interest.

Three.   ACCEPTANCE OF RESPONSIBILITY.   Ms. McAlister objects to the suggestion that she has not accepted responsibility. She believes she has clearly demonstrated acceptance of responsibility.   She believes she entitled to a 2-level decrease in the offense level according to §3E1.1 because of that acceptance.   As the sentencing commission has noted, there is a significant distinction between remorse and responsibility.   Ms. McAlister has taken full responsibility for the actions she took at Kings Bay.   She has been transparent what led her to Kings Bay, what she did at Kings Bay, why she did it, and why she believed he was justified.   She willingly and peacefully accepted arrest.   She never sought to destroy evidence.   She never sought to conceal her identity.   She willingly accepted imprisonment

---

pre-trial detention. McAlister PSR Add. at 5.
2   42 U.S.C. 2000bb-1.
3   ORDER, pages 8-11. Filed 08/26/19, Document 504.

2

pre-trial.  She vigorously presented her defense in pre-trial hearings and during her trial.  She should therefore be given the benefit of this adjustment and provided a 2-level decrease in overall offence level.

    Four. INCREASE FOR LOSS AMOUNT IS NOT APPROPRIATE. Ms. McAlister objects to the four-level increase due to the loss amount being more than $15,000, but less than $40,000.  At trial, in order to find defendant guilty, the jury only had to consider whether the damage amount was over $1000.  Should any higher amount be used for restitution, Ms. McAlister requests a hearing to determine beyond a reasonable doubt the actual damage amount.  As the only evidence at trial was that damage was in an amount greater than $1000, §2B1.1(b)(1)(A) is applicable, and there should be no increase in offense level.  Therefore, the four-level increase in this section should be removed.

    Five.  RISK OF DEATH OR SERIOUS INJURY SHOULD NOT BE PART OF THE CALCULATION.  Ms. McAlister objects to the two-level increase for "conscious risk of death or serious bodily injury" under USSG §2B1.1(b)(16)(A). The testimony at trial, from the defendants as well as from those who testified for the government, supports that there should be no increase.  Ms. McAlister, as well as each codefendant who testified, spoke to the care that was taken to mitigate and avoid any risk or injury, much less death.  They clearly identified themselves as protesters.  They made sure their message was clear.  And they made sure that whomever they encountered knew they were peaceful.  This is additionally supported by the testimony of the Governments own witnesses.  Base personnel are highly trained in how and when to use deadly force.  Their testimony at trial supported that they followed their training, understood they were dealing with peaceful protesters, and acted

accordingly. See, generally, U.S. v. Benton, 323 F. Supp. 2d 903, 906 (E.D. Wis. 2004)(holding that the risk of death or serious bodily injury enhancement did not apply just because the act "could have" made the situation unsafe and government must show a defendant was aware that the act involved was such that there was a risk of death or serious bodily injury).   Defendant and her codefendants used no weapons.   They prayerfully discerned their actions.   They identified themselves.   And they posed no threat of harm and did not consciously or recklessly risk death or serious bodily injury.   For all of these reasons, this enhancement is not appropriate with these circumstances and facts.

Further on this point, no previous Plowshares actions have ever had the element of "conscious risk of death or serious bodily injury" inserted into and calculated as part of their sentences.   Undersigned counsel has been defense counsel of record in all the recent federal Plowshares prosecutions and sentencing cases which involved essentially the same kind of activities.   Those include: USDC trial and sentencing for 2012 Plowshares action Knoxville, Tennessee; USDC trial and sentencing for 2009 Plowshares action in Tacoma, Washington; USDC trial and sentencing for 2006 Plowshares action in North Dakota.   In the sentencing phase of these cases the element of "conscious risk of death or serious bodily injury" was never applied.

Six. TOTAL OFFENSE LEVEL OF 4.   If the above corrections are made, the correct Total Offense level for Ms. McAlister should be a 4.

Seven.   CREDIT FOR TIME SERVED.   If this court decides to impose a term of imprisonment, credit for time served of 17 months and 8 days should be deducted from that sentence.

## II.  REQUEST TO SELF-REPORT

If this Court decides to impose additional imprisonment upon Ms. McAlister, defendant requests to be allowed to self-report to whatever Bureau of Prisons facility she is assigned to.

## III.  FINE

INABILITY TO PAY.  Elizabeth McAlister has lived below the poverty line her entire life.  First as a member of a religious community.  Then as a member of another community which lived in voluntary poverty.

Ms. McAlister never earned enough income to qualify for Social Security.  Her only income is Supplemental Security Income.  Monthly she receives a check for $783.00.  That is her total monthly income.

Ms. McAlister owns no property.  She has never owned any real estate or home.  She lives now with her daughter.

Ms. McAlister owns no stocks, bonds, and has no IRAs, no 401Ks, no retirement account at all.

Ms. McAlister does not own a car.

The U.S. Poverty line for a single person is $12,760 per year, $1063 per month.[4]  Ms. McAlister continues to live significantly below the poverty guideline.

## IV.  RESTITUTION

CALCULATION OF AMOUNT.  In calculating whether or not restitution should be imposed, defendant reminds the Court that defendant was convicted by the jury of damage over

---

[4] https://aspe.hhs.gov/poverty-guidelines

$1000.000.

INABILITY TO PAY.   As noted above, Elizabeth McAlister has lived her entire life below the poverty line.

## V.     PROBATION

Elizabeth McAlister has spent 17 months and 8 days in jail, a sentence which is far longer than the appropriate one if the points made in Section I of this memo are correct.

Thus, since defendant spent so much time in jail already, no probation should be imposed.

If probation is to be imposed, this Court should recognize that in addition to time in jail, Ms. McAlister has spent an additional several months in pretrial reduction of her liberty without any incidents at all.   The length of the probation imposed should be reduced by the amount of time she has already spent on home on pretrial conditions.

## VI.    CONCLUSION

In light of the above, this Court should impose a sentence of time served, no fine, no restitution and no probation.

Respectfully,

/s William P. Quigley  
William P. Quigley, admitted pro hac vice  
Loyola University New Orleans  
7214 St. Charles Avenue  
New Orleans, LA 70118  
Quigley77@gmail.com  
504.710.3074  

/s Jason Randall Clark  
Jason Clark, PC

2225 Gloucester Street  
Brunswick, GA 31520  
912-264-1999  
Fax: 912-262-0285  
Email: jason@jasonclarkpc.com

## CERTIFICATE OF SERVICE

I certify that this document was served on all parties by filing it electronically this day.

/s William P. Quigley  
William P. Quigley